IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ATIS, on behalf of himself and those similarly situated,<br>355 Independence Boulevard<br>Lawnside, NJ 08045<br><br>       Plaintiff,<br><br>  v.<br><br>FREEDOM MORTGAGE CORPORATION<br>907 Pleasant Valley Avenue, #3<br>Mount Laurel, NJ 08054<br><br>    and<br><br>JOHN DOES 1-10<br><br>       Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

**INDIVIDUAL AND COLLECTIVE ACTION CIVIL COMPLAINT**

David Atis ("Named Plaintiff"), individually, and on behalf of himself and those similarly situated (hereinafter referred to as "Collective Plaintiffs"), hereby complains as follows against Defendant Freedom Mortgage Corporation and John Does 1-10 (hereinafter collectively referred to as "Defendants").

**INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Collective Plaintiffs proper overtime compensation in violation of said laws. As a result of the aforesaid unlawful actions, Named Plaintiff and Collective Plaintiffs have suffered harm.

1

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant Freedom Mortgage Corporation is an entity with an address as set forth above.

9. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Collective Plaintiffs proper compensation pursuant to federal and state law.

10. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Collective Plaintiffs.

2

11. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as a loan processor, loan officer, or in positions with similar duties subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

13. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

14. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

16. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

17. The foregoing paragraphs are incorporated herein as if set forth in full.

18. Named Plaintiff and Collective Plaintiffs worked for Defendants as loan processors, loan officers, or in similar non-exempt positions.

19. Named Plaintiff's and Collective Plaintiffs' duties predominantly included: originating loans, completing preliminary applications, collecting documents, preparing loan application, and transmitting the information to processing.

20. Named Plaintiff regularly worked over 40 hours per week.

21. Collective Plaintiffs regularly worked/work over 40 hours per week.

22. Named Plaintiff was compensated as an exempt salary employee of Defendants, who within the last three years was employed by Defendants.

23. Each paycheck issued to Named Plaintiff provides that he was compensated as an exempt salaried employee.

24. Collective Plaintiffs were/are employees of Defendants, who within the last three years were employed by Defendants as loan processors, loan officers, or in similar non-exempt positions.

25. Upon information and belief, each paycheck issued to Collective Plaintiffs provides that they were compensated as exempt salaried employees.

26. Defendants designated Named Plaintiff as an exempt employee under federal law.

27. Defendants designated Collective Plaintiffs as exempt employees under federal law.

28. Upon information and belief, Defendants have maintained an unlawful wage payment system for at least the last three years and have enforced such unlawful policies.

4

## UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION

29. The foregoing paragraphs are incorporated herein as if set forth in full.

30. During at least one workweek in the three year period preceding the filing of this lawsuit, Named Plaintiff worked in excess of forty (40) hours for Defendants in a workweek.

31. Upon information and belief, during at least one workweek in the three year period preceding the filing of this lawsuit, Collective Plaintiffs worked in excess of forty (40) hours for Defendants in a workweek.

32. During at least one workweek in the three year period preceding the filing of this lawsuit, Defendants failed to compensate Named Plaintiff at the rate of time-and-one-half his regular rate of pay for each hour that Named Plaintiff worked in excess of forty in a workweek.

33. Upon information and belief, during at least one workweek in the three year period preceding the filing of this lawsuit, Defendants failed to compensate Collective Plaintiffs at the rate of time-and-one-half their regular rate of pay for each hour that they worked in excess of forty in a workweek.

34. At all times relevant to this action, Defendants did not pay Named Plaintiff on an hourly basis.

35. Upon information and belief, at all times relevant to this action, Defendants did not pay Collective Plaintiffs on an hourly basis.

36. At all times relevant to this action, Defendants paid Named Plaintiff a salary and did not provide additional compensation for hours worked in excess of 40 in a workweek.

37. Upon information and belief, at all times relevant to this action, Defendants paid Collective Plaintiffs a salary and did not provide additional compensation for hours worked in excess of 40 in a workweek.

38. Defendants' decision to pay Named Plaintiff and Collective Plaintiffs a salary and to not provide additional compensation for hours worked in excess of 40 in a workweek caused Defendants not to pay Named Plaintiffs and Collective Plaintiffs time and one-half their regular rate of pay for said hours worked in excess of 40 in a workweek.

39. Defendants regularly required Named Plaintiff to participate in originating loans, completing preliminary applications, collecting documents, preparing loan application, and transmitting the information to processing.

40. Upon information and belief, Defendants implemented the same scheme as described in paragraphs 38 and 39 above to avoid paying proper overtime with respect to the Collective Plaintiffs.

41. At all times relevant hereto, Defendants scheduled Named Plaintiff's and Collective Plaintiffs' work schedules.

42. At no time did Named Plaintiff have the responsibility to hire or fire employees of Defendants.

43. At no time did Collective Plaintiffs have the responsibility to hire or fire employees of Defendants.

44. At all times relevant to this action, Named Plaintiff did not perform any meaningful or typical managerial and/or supervisory duties for Defendants.

45. Defendants' primary business was in origination of mortgage loans.

46. At no time did Collective Plaintiffs perform any meaningful or typical managerial and/or supervisory duties for Defendants.

47. As a result of Defendants' aforesaid conduct, Named Plaintiff has suffered damages.

6

48. As a result of Defendants' aforesaid conduct, Collective Plaintiffs have suffered damages.

## COUNT I
### Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

51. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

52. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

53. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

54. Defendants' violations of the FLSA include, but are not limited to, misclassifying Named Plaintiff and Collective Plaintiffs as exempt under the FLSA.

55. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiff and Collective Plaintiffs overtime compensation for hours worked over 40 per workweek.

56. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiff minimum wage for all hours worked.

57. Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly was/is willful and was/is not based upon any reasonable interpretation of the law.

58. As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff and Collective Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3) Named Plaintiff and Collective Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Collective Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Named Plaintiff and Collective Plaintiffs are to be awarded all other relief this Court deems just and proper.

    Respectfully Submitted,

    */s/ Richard S. Swartz*
    Richard S. Swartz, Esq.
    Daniel A. Horowitz, Esq.
    **SWARTZ SWIDLER, LLC**
    1101 North Kings Highway, Suite 402
    Cherry Hill, NJ 08034
    Phone: (856) 685-7420
    Fax: (856) 685-7417

Date: May 15, 2015

Case 1:15-cv-00024-RBK-JS Document 6 Filed 05/15/15 Page 8 of 9 PageID: 206

## **DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Collective Plaintiffs' employment, to Named Plaintiff's and Collective Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.